ASSETS AND LIABILITIES ASSOCIATION, a corporation, complainant,

*v.*

ANTONIO ESPOSITO et al., defendants.

. [Decided March 5th, 1924.]

1. Where a husband, almost immediately after a judgment at law was entered against him, conveyed most of his property to his wife, alleging that this was done in fulfillment of an antenuptial contract with her, which contract was fully proved. such conveyance was merely a preference of one of his creditors, and perfectly lawful if the transaction is untainted with fraud.

2. Where the evidence showed that a wife who was entitled to a conveyance of property from her husband, agreed with him that he might hold the property in his own name so that thereby he might secure credit, such evidence is irrelevant where the bill in the case did not charge such matters. They can only be introduced as evidence under an amended bill setting them up, and allowing the defendants opportunity to answer them where the defendant does not acquiesce in such introduction, but promptly objects and shows surprise.

On bill, &c.

*Mr. Schuyler M. Cady,* for the complainant.

*Messrs. Azzoli & Krasny (Mr. Merritt Lane,* of counsel), for the defendants.

BENTLEY, V. C.

This is a bill in aid of an unsatisfied judgment at law to set aside conveyances.

The single theory of the bill is that almost immediately after a judgment has been rendered in the United States district court for this district in favor of the complainant against the defendant husband, the latter conveyed most of his property to his wife, and that the same was accomplished

without consideration and in fraud of the complainant, the husband's creditor. The answer denies that the conveyances were made without consideration, and sets up a prenuptial contract to pay the wife the sum of $50,000 as soon as the man should be able, to induce her to marry him. The proofs disclose that such a contract had been made between the defendants prior to the marriage, and of that there can be no doubt.

It is perfectly lawful for a debtor to prefer one of his creditors where the transaction is untainted with fraud. *Engelhard* v. *Schroeder, 92 N. J. Eq. 663.*

What I have just said disposes of the complainant's charge of fraud as expressed in the bill. There was, however, testimony by the defendants themselves most startling and indicating strongly that another species of fraud had been practiced by the parties, but not included in the bill. The husband and wife each testified that although he had been in a financial position to comply with the antenuptial contract for a long time before these conveyances, he had persuaded her to permit him to keep the legal title in himself so that he might thereby secure credit, and it was probably by this subterfuge that the complainant's assignor extended the credit for which they sued in the United States court. The trouble is, however, that the defendants' counsel promptly and vigilantly objected to all such evidence during the hearing, and based his objection upon the ground of variance with the pleadings, so that it cannot be said that there was any acquiescence in meeting the case of which the bill did not apprise the adverse parties. In other words, the bill attacked the conveyances as voluntary and in fraud of creditors, and was not sustained by the proofs, while the evidence disclosed an apparent fraud by the wife, permitting the husband to hold himself out as the owner of the property conveyed for the purpose of securing credit—a case far different from that to be found within the four corners of the bill.

It would seem too elementary to require argument that a variance of the character shown is fatal to the complainant's success were it not for the fact that complainant's counsel

now insist that it should be permitted to amend its bill after final hearing and enter decree in accordance with the amendment. Vice-Chancellor Van Fleet, in *Lehigh Valley Railroad Co.* v. *McFarlan, 30 N. J. Eq. 180* (at *p. 182*), in referring to the complainant's bill in that case, said: "They must recover, if at all, upon the case made by their bill. They cannot make one case by their bill and another by their proofs and still have a decree."

This case was reversed, but not on this ground. So, that to accede to the motion of the complainant at this time would be to permit the entering of a decree that was not within the scope of the bill that the defendants were notified they had to meet, and would result in forfeiting their rights in their property, under a theory upon which they have never had an opportunity to be heard. Any such proceeding, of course, would be subversive of one of the great underlying principles of our jurisprudence. The complainant feels, as might have been expected, that there is no escape from what it considers a fatal admission against their own interest made by the defendants. That may be so, but I cannot so find until they shall have had a complete opportunity to present their explanation, or whatever defense they may think they have, to the new cause of action. As I have already said to counsel, there has been enough disclosed in the defendants' brief to warrant me in feeling that it is not beyond the realm of possibility that even this apparently clear case may be defeated.

Complainant has urged with great force the opinion in *Besson* v. *Eveland, 26 N. J. Eq. 468.* That authority may be of great weight if the defendants ever have their day in court on the amended bill. But it is without significance in disposing of the case at this stage of its progress, because *Besson* v. *Eveland* dealt with the rights of the parties where there was no question of surprise or variance such as the defendants protest in the case at bar.

The defendants urged that the bill should be dismissed, for the reasons I have outlined; but I see no reason that that should be done. If they can explain the testimony that was

irrelevant on the hearing already had they should, of course, be given an opportunity to do so. But if the situation is as it was made to appear by the testimony of the husband and wife, there is no reason the complainant should be put to the expense and trouble of another original bill, when an amendment, with an opportunity to answer and a further hearing, will afford them an opportunity to secure their defense quite as fully and completely.

I will advise an order permitting the amendment to the complainant's bill, in accordance with the notice filed herein on the 4th day of March, 1924, but not allowing the decree mentioned therein to be entered.